IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

"O" COMPANY, INC., HEALTH
DELIVERY SYSTEMS, INC.,
WORLD DENTAL IMPLANTS,
INC., and DAVID DALISE, DDS,
individually and as President of "O"
Company, Inc., Health Delivery
Systems, Inc. and World Dental
Implants, Inc.,

   Plaintiffs,

v.               No. CIV 98-981 BB/LFG

OSTEOTECH, INC., d/b/a Cam
Implants BV,

   Defendant.

## MEMORANDUM OPINION AND ORDER
## ON MOTIONS TO DISMISS

**THIS MATTER** is before the Court on Defendant's *Motion to Dismiss* Counts V, VI, and VII [Doc. #11] on the ground Plaintiffs' allegations lack the specificity required by Federal Rule of Civil Procedure 9. The Defendant also moves to dismiss Counts I and II [Doc. #7] on the ground such claims are barred by the economic loss doctrine. Having considered the briefs of counsel, the Court

**FINDS the first motion to dismiss should be DENIED and the second motion should be GRANTED.**

## Discussion

### I. Facts and Proceedings

Beginning in 1990, Plaintiffs allege that Defendant Osteotech sold to Plaintiff "O" Company dental implants with defective coating. (Compl. ¶¶ 13-16). Plaintiffs contend that the defect in the coating caused personal injury to some of their dental patients. (Compl. ¶¶ 16-17). Plaintiffs allege that because of the defective coating, they had to intervene surgically to correct implant problems, replace implants, and even pay damages to some of the injured patients. (Compl. ¶ 18). As a result, Plaintiffs claim they have suffered damage to their reputations, businesses, and professional standing, as well as loss of income and profits, loss of customers and patients, loss of property, the threat of future litigation, severe financial damage, and unspecified other economic and monetary losses. (Compl. ¶¶ 21-25).

### II. Legal Standard on a Motion to Dismiss

In addressing the motions to dismiss, this Court is required to accept as true all well-pleaded facts alleged in Plaintiffs' complaint. *See Phelps v. Wichita*

*Eagle-Beacon*, 886 F.2d 1262, 1266 (10th Cir. 1989). The Court does not, however, accept conclusory allegations as true, although a party's intent may be alleged generally. *Phelps*, 886 F.2d at 1269-70; *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). This Court will dismiss the complaint, or claims contained in the complaint, only if it appears that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Phelps*, 886 F.2d at 1266. *See also Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). The Court will consider Defendant's arguments in light of the above standards.

III. <u>Plaintiffs' Complaint Satisfies Rule 9</u>

Count V alleges negligent misrepresentation regarding the quality and character of the coating, including but not limited to (a) "that it was properly plasma-sprayed"; (b) that the "degree of porosity was appropriate for dental implants"; and (c) "that its density and adherence to the titanium dental implant substrate was standard and acceptable." (Compl. ¶¶ 46-53).

Plaintiffs allege fraud and deceit in Count VI. They contend Osteotech's agents represented "through advertising and solicitation to the general public ... that the coating was safe when used for its intended use," and that those

representations were made "with knowledge of the falsity of those representations, or with reckless disregard of their truth." (Compl. ¶¶ 55-57).

In Count VII, Plaintiffs allege violation of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.*, NMSA 1978 (1995 Repl.)." (Compl. ¶¶ 62, 63). Plaintiffs claim they suffered economic damages when Osteotech, through its "agents or employees" represented by implication or otherwise, that its coating and coating services were of a particular standard, quality or grade when they were of another. (Compl. ¶ 64). Plaintiffs contend that Osteotech "failed to deliver the quality of coating and coating service contracted for."

"The primary purpose of Rule 9(b) is to afford defendant fair notice of the plaintiff's claim and the factual grounds upon which it is based." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990). It is sufficient if each defendant understands the time, place, and circumstances of the alleged fraud so that they have adequate information to form a response. *Harvey M. Jasper Retirement Trust v. Ivax Corp.*, 920 F. Supp. 1260 (S.D. Fla. 1995); *Gardner v. Investors Diversified Capital, Inc.*, 805 F. Supp. 874 (D. Colo. 1992). In the present case, Plaintiffs alleged specifically that Defendant promised that the coating was properly

4

designed of a particular standard and fit for the Plaintiffs' use when it knew or should have known such was not true. This is sufficient to comply with Rule 9(b) in the context of a products liability claim. *See In re Eli Lilly & Co., Prozac Prods. Liab. Litig.*, 789 F. Supp. 1448 (S.D. Ind. 1992). Defendant's Answer is further support for the conclusion they were adequately appraised of the claims.

IV. <u>**The Economic Loss Doctrine Bars Plaintiffs' Negligence and Strict Liability Claims**</u>

In their statement of facts, Plaintiffs allege they had Defendant's product tested and "discovered for certain that the products came off because they weren't melted properly." (Compl. ¶ 17). Plaintiffs allege negligence in Count I of their complaint. (Compl. ¶¶ 22-25). Plaintiffs allege that Osteotech owed a duty to ensure that the coating "was proper for its purpose in every regard." (Compl. ¶ 23). In paragraph 24 of the complaint, Plaintiffs allege Defendant breached this duty in five particulars. Plaintiffs claim that Defendant's negligence caused "damage to Plaintiffs, including damage to reputation, emotional distress, loss of income and profits, loss of customers and patients, the threat of future litigation and other economic and monetary losses." (Compl. ¶ 23).

In Count II of their complaint Plaintiffs set forth a strict liability claim. (Compl. ¶¶ 26-30). Plaintiffs claim that: (1) Osteotech sold defective coating and

coating services to them; (2) the coating and coating services were unreasonably dangerous to Plaintiff's patients; and (3) the coating and coating services reached Plaintiffs "without substantial change in the condition in which they were sold." (Compl. ¶¶ 27-29).

The economic loss doctrine requires that any claim for economic loss caused by the failure of a product must be pled in contract or warranty rather than negligence or strict liability. 2 LOUIS R. FRUMMER & MELVIN I. FRIEDMAN, PRODUCTS LIABILITY § 13.11. *See also American Eagle Ins. Co. v. United Technologies Corp.*, 48 F.3d 142 (5th Cir. 1995). This damage limitation arises out of the contractual negotiated relationship of the parties and therefore the risk-spreading rationale, which is the foundation for tort damages, is not required.

The economic loss doctrine was adopted by the New Mexico Court of Appeals in *Utah International, Inc. v. Caterpillar Tractor Co.*, 775 P.2d 741 (N.M. App.), *cert. denied*, 772 P.2d 884 (N.M. 1989). In *Amrep Southwest, Inc. v. Shollenbarger Wood Treating, Inc.*, 893 P.2d 438 (N.M. 1995), the New Mexico Supreme Court reaffirmed *Utah International* and explained that while economic loss damages from product failure are often recoverable, they are not recoverable

under tort theories such as negligence. 893 P.2d at 447. Justice Ransom explained the basis of the doctrine as follows:

> The law of contract allows parties to bargain and allocate the risk that the product will self-destruct. As a matter of policy, the parties should not be allowed to use tort law to alter or avoid the bargain struck in the contract. The law of contract provides an adequate remedy. If we overrule *Utah International*, contract law would be subsumed by strict liability and negligence.

893 P.2d at 446; *see also Spectron Dev. Lab. v. American Hollow Boring Co.*, 936 P.2d 852, 857-58 (N.M. App. 1997) (holding that damage to product and other property are not recoverable under tort theories where the remedies for breach of contract are governed by the Uniform Commercial Code).

Here, as in *Colonial Park Country Club v. Joan of Arc*, 746 F.2d 1425 (10th Cir. 1984), and *Allen v. Toshiba Corp.*, 599 F. Supp. 381 (D.N.M. 1984), Plaintiffs seek recovery for purely economic damage. There is no allegation that Plaintiffs suffered any physical injury, and their claims clearly arise out of the performance of the product. Plaintiffs' remedies, then, derive from the law of warranty and contracts, not from tort law.

## VI. Exceptions to the Doctrine Do Not Apply

Plaintiffs make two arguments to avoid the application of the economic loss doctrine. First, Plaintiffs argue that the doctrine only applies to claims for economic losses resulting from the injury of a product to itself. Second, Plaintiffs argue that the losses they are claiming are for emotional and "other substantial injuries."

### A. Damage Beyond the Product

While it is true the economic loss doctrine is limited to property and economic loss, the doctrine is not limited to economic loss to the product itself. To the contrary, under New Mexico law, the economic loss doctrine has been applied to bar tort claims where the alleged economic loss did not stem from an injury to the product itself. *See Colonial Park Country Club,* 746 F.2d at 1428 (barring recovery for economic losses, such as loss of club dues and fees, as a result of food poisoning from defective food products); *Allen,* 599 F. Supp. at 385 (barring recovery for economic losses, such as a loss of business, as a result of defective photocopy machines). In *Spectron Development Laboratory,* 936 P.2d at 857-59, the New Mexico Court of Appeals held that the economic loss doctrine prohibited third-party plaintiff not only from recovering for damage to the light

8

gun involved, but also from recovering in strict liability for damages to any other property that resulted from the explosion of the light gun.

Under the traditional application of the economic loss doctrine[1] and specific New Mexico precedent, then, the economic loss doctrine limits the buyers' claims for any property damage foreseeably caused by a defect in the product. Plaintiffs' claims in Counts I and II fall within the parameters of the economic loss doctrine and therefore tort and products liability counts will not lie.

B. **Plaintiffs' Claims for Emotional Distress and "Other Substantial Injuries" are Insufficient to Defeat the Application of the Economic Loss Doctrine**

Plaintiffs' claims for "emotional distress" and unspecified "other substantial injuries" are insufficient to defeat the application of the economic loss rule.[2] Since the product damage derives from the sale contract, Dr. Dalise's purported emotional injury claim must arise out of the contractual relationship between the parties. However, it is well-settled that emotional distress damages are not recoverable in a breach of contract action in the absence of proof that such damages were within the contemplation of the parties at the time the contract was

---

[1] *American Eagle Ins. Co.*, 42 F.3d at 142; *Hartford Fire Ins. Co. v. Huls Am., Inc.*, 893 F. Supp. 465 (E.D. Pa. 1995); RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 21(c) (1998).

[2] It is noted the corporate Plaintiffs present no such claim.

made.  *See Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.*, 738 P.2d 513, 514 (N.M. 1987).  Dr. Dalise makes no such claim.

Plaintiffs correctly cite *Sharon Steel Corp. v. Lakeshore, Inc.*, 753 F.2d 851 (10th Cir. 1985), for the proposition that "tort law supports recovery of damages when plaintiff is subjected to an unreasonable risk of injury."  (Pls.' Opp. at 4). However, they cite no pleading, and none is obvious, which supports their conclusion that "Plaintiff David Dalise was subjected to an unreasonable risk of injury to his person."  *Id.*  While the patients of Dr. Dalise may well have tort claims based in personal injury, Dr. Dalise's claims are purely for economic injury and recovery for his damage is available under contract and warranty theories.

## O R D E R

For the above stated reasons, Defendant's motion to dismiss Counts V, VI, and VII is DENIED, and Defendant's motion to dismiss Counts I and II is GRANTED and these two claims are DISMISSED with prejudice.

**Dated at Albuquerque this 16th day of March, 1999.**

                                                    _____
                                                    **BRUCE D. BLACK**
                                                    **United States District Judge**

**Counsel for Plaintiffs:**

Terrance P. Yenson, F. Matthew Smith, Hatch Allen & Shepherd, Albuquerque, NM

**Counsel for Defendant:**

William C. Madison, Michael J. Dekleva, Madison Harbour Mroz & Brennan, Albuquerque, NM

Patrick J. Feeley, John J. Lee, Dorsey & Whitney, New York, NY