IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

"O" COMPANY, INC., HEALTH DELIVERY
SYSTEMS, INC., WORLD DENTAL IMPLANTS,
INC., and DAVID DALISE, D.D.S., individually
and as President of "O"COMPANY, INC.,
HEALTH DELIVERY SYSTEMS, INC., WORLD
DENTAL IMPLANTS, INC.,

      Plaintiffs,

  vs.                                        No. CIV 98-0981 LH/KBM

OSTEOTECH, INC., d/b/a CAM IMPLANTS, BV,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend Complaint to Add Additional Parties (Docket No. 92), filed April 12, 2001. The Court, having considered the Motion, the memoranda of the parties, the record in this case, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

Plaintiffs initiated this action in state court on July 13, 1998, bringing claims for negligence, strict liability, breach of express and implied warranties, negligent misrepresentation, fraud and deceit, and violations of the Unfair Practices Act arising from their business association with Defendant Osteotech, Inc. (Osteotech) from 1990 until early 1993. Osteotech removed the suit to federal court on August 14, 1998. On October 22, 1998, following a Rule 16 scheduling conference at which Osteotech informed the Court that within several days it would serve on Plaintiffs a motion for summary judgment asserting a statute of limitations defense, Magistrate Judge Garcia entered an

Order "limiting discovery to that reasonably necessary to present and to defend Osteotech's motion." (Order Limiting Disc. (Docket No. 19) at 1.) The Order set a ninety-day period from Plaintiffs' receipt of Osteotech's motion for the parties to complete their discovery and for Plaintiffs to serve their response on Defendant, with no other discovery permitted on the case. (*Id.* at 2.) Osteotech served its summary judgment motion on Plaintiffs on November 4, 1998. (Decl. Michael J. Dekleva (Docket No. 99), Ex. B, Certificate of Service.) Contentious discovery proceedings continue to this date, and Plaintiffs apparently have yet to serve their response to the motion.

Plaintiffs now seek to amend their Complaint to add additional parties to the litigation: Osteotech, bv; CAM Implants, bv; CAM Implants, Inc.; and HC Implants, bv. As grounds for their Motion Plaintiffs refer to Osteotech's Supplemental Answers to Plaintiffs' First Set of Interrogatories, served on Plaintiffs in late September 1999; Osteotech's Proof of Claim, dated December 20, 1993, in "O" Company's bankruptcy proceeding; and Defendant's Answer to Plaintiffs' Complaint, filed August 21, 1998. Osteotech objects to amendment on grounds that the Motion is untimely, is in bad faith, is prejudicial in that it will further delay the action, and is futile.

Subsequent to service of a responsive pleading, absent consent of the adverse party, "a party may amend . . . only by leave of court . . ., and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Whether to grant such leave, however, lies "'within the discretion of the trial Court,'" and leave to amend may be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment.'" *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132 (10th Cir. 1987)(quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321-330 (1971); *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, "'[w]here the party seeking amendment knows or should have known of the facts upon which the proposed

amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Las Vegas Ice and Cold Storage v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)(quoting *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).  Furthermore, "[u]ntimeliness alone may be a sufficient basis for denial [and] prejudice to the opposing party need not also be shown." *Id.*

The Court finds that Plaintiffs' Motion to Amend has been unduly delayed, is untimely, and would result in prejudice to Defendant.  Clearly Plaintiffs knew or should have known about the existence and relationship of the proposed defendants to Osteotech long ago, probably in 1993, but certainly by the time Osteotech answered the Complaint in August 1998.  Plaintiffs should have sought any clarification necessitated by the Answer shortly after it was filed, not more than two and a half years later.  Tellingly, Plaintiffs do not even attempt to reply to Osteotech's assertion that "information with respect to the identity of Osteotech's subsidiaries and their relationships with each other and Osteotech is a matter of public record, since that information is set forth in Osteotech's filings with the United States Securities and Exchange Commission." (Def. Osteotech, Inc.'s Mem. Opp'n Pls.' Mot. Amend Compl. at 11.)

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Complaint to Add Additional Parties (Docket No. 92), filed April 12, 2001, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**