IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



02 MAR -4 PM 1:04

"O" COMPANY, INC., HEALTH DELIVERY SYSTEMS,
INC., WORLD DENTAL IMPLANTS, INC., and
DAVID DALISE, D.D.S., individually and as
President of "O" COMPANY, INC., HEALTH
DELIVERY SYSTEMS, INC., and
WORLD DENTAL IMPLANTS, INC.,

        Plaintiffs,

vs.                             No. CIV 98-981 M/KBM

OSTEOTECH, INC., d/b/a CAM IMPLANTS,
INC.,

        Defendants.

## MEMORANDUM OPINION
## AND ORDER

**THIS MATTER** comes before me on the Plaintiffs' Objections to the Magistrate's Order filed January 2, 2002 in which the Magistrate denied the Plaintiffs' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(B). Plaintiff had asked the Magistrate to strike Defendant Osteotech's statute of limitations defense as a sanction for its alleged abuse of the discovery process in this case.

The Federal Rules of Civil Procedure 72(a) allow a Magistrate to hear and determine pretrial matters in a case which are not dispositive of a claim or defense of party. Dispositive matters are addressed in Rule 72(b). Had the Magistrate granted the Plaintiff's Motion for Sanctions the result would have been dispositive of at least one defense. However, the



Magistrate denied the Motion for sanctions, finding the motion to be without merit. Therefore the standard of review for this non dispositive pretrial matter is whether the Magistrate's Order was clearly erroneous or contrary to law. F.R.C.P. 72(a), *Gomez v. Martin Marietta Corporation*, 50 F.3d 1511, 1519 (10th Cir. 1995).

I have reviewed the Plaintiffs' Motion for Sanctions, the Plaintiffs' four discovery motions which form the basis of the sanction motion, the responses and replies, and the accompanying affidavits, deposition excerpts and exhibits as well as the Objection which is the matter before me. The clearly erroneous standard requires that I affirm the Magistrate Judge's ruling unless I am left, after reviewing the entire evidence, with the definite conviction that a mistake has been made. *Ocelot Oil Corporation v. Sparrow Industries*, 847 F.2d 1458 (10th Cir. 1988). I find no mistake after reviewing the voluminous pleadings before me. I do not find that the Magistrate Judge's Order of January 2, 2002 is clearly erroneous or contrary to law.

The Plaintiff's Objections to the Magistrate's Order of January 2, 2002 is not well taken. The Magistrate Judge's Order of January 2, 2002 in which the Plaintiffs' Motion for Sanctions was denied will be sustained.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Objections to the Magistrate's Order Filed January 2, 2002 is overruled and denied.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Order of January 2, 2002 is sustained.

_____
SENIOR UNITED STATES JUDGE