IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

"O" COMPANY, INC. and
HEALTH DELIVERY SYSTEMS,
INC., WORLD DENTAL IMPLANTS,
INC. and DAVID DALISE, DDS.,

        Plaintiffs,

    vs.                                     CIVIL NO.  98-981 WJ/LFG-ACE

OSTEOTECH, INC.,
dba Cam Implants, BV,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Production of Documents [Doc. 171]. The Court considered the motion, response and reply. Oral argument is not necessary.

### Analysis

Much of Plaintiffs' brief is devoted to prior disputes concerning discovery relating to the statute of limitations. Plaintiffs' recitation of battles waged and battles lost provides little assistance to the Court to resolve the present dispute. So too, chastising Defendant for failing to produce documents which Plaintiffs sought years ago is not particularly helpful. Plaintiffs argue:

> Defendant has been on notice for several years now of the nature of documents and discovery sought by Plaintiffs relevant to this litigation. It has been in complete control of its subsidiaries during almost the entire course of this litigation. It had the power, opportunity and obligation to conserve those documents and information relevant to this case at the time it sold it subsidiary in

> 2002, and not to allow documents and information to wander off to a country outside the Court's jurisdiction and under circumstances that will make their retrieval impossible or extremely burdensome to Plaintiffs.  This is especially true of the documents and information specifically sought by the earlier requests, much has been restated or reformulated in the current requests for production . . . .

Plaintiffs' Memorandum in Support, p. 7.

Plaintiffs' prior requests "made years ago" were for the most part deemed improper because they went well beyond the scope of the Court's order which limited discovery.  Thus, Defendant was under no obligation to produce those documents, and Plaintiffs should not now shake an accusatory finger at Defendant for failing to produce them.

Defendant responds by stating that it has no interest in re-litigating the prior discovery issues or responding to Plaintiffs' accusations concerning destruction of records or spoilation of evidence.  In reference to the present discovery dispute, Defendant states:

> To that end, and despite having no obligation to do so, Osteotech agrees to provide _all_ of the documents and the specific designations requested in Plaintiffs' most recent motion to compel, with one limited exception.  Osteotech will not be producing additional materials in response to Request No. 2.

(Response, p. 2).

Thus, with Defendant's agreement to produce the documents and the specific designations requested, the Court will first consider the specific matters in dispute in Request No. 2.

## Request for Production No. 2

This lawsuit involves Plaintiffs' claims that the hydroxyapatite coating by CAM Implants bv to Plaintiffs, which occurred in 1992, failed due to defects, and that the failure resulted in significant and costly implant failures.

Plaintiffs seek to compel Defendant to provide "All correspondence and documents dated or created during the year 2002 relating or referring to the sale or transfer of CAM, Inc. and/or CAM bv by Osteotech."

The documents sought in Request No. 2 concern Defendant's sale of certain assets of CAM bv in 2002, that occurred more than ten years after the sale of coatings to Plaintiffs which forms the basis of this lawsuit.

Plaintiffs argue that Defendant should not be entitled to unilaterally decide what is or is not relevant, and that the requested materials might contain information that is relevant.  However, the Plaintiffs still have some burden of demonstrating the documents sought are relevant to the claims or defenses or would lead to the discovery of relevant, admissible evidence.  Here, Plaintiffs failed to demonstrate how these documents are relevant at all.  They offer speculation that the documents might contain some information of value.

> For example, if one of the documents is a letter between Osteotech principles to the effect that the subsidiaries "are losing us money because they have always made bad coatings so let's get rid of them," there is little doubt that the memo would be both relevant and admissible.  Or if some of the financial information shows a decline in sale of coatings relating to customer complaints or poor quality coatings, likewise that information would be both relevant and admissible.

(Memorandum in Support of Motion, p. 3).

Plaintiffs further argue that the federal rules "must be given a broad interpretation to avoid the very kind of unilateral decision making present here" (Memorandum in Support, p.3), and, to a point, Plaintiffs' argument is correct.  The federal discovery rules have historically been given a broad and liberal interpretation.  Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385 (1947). However, decades of unchecked, broad and sweeping discovery lead to significant discovery abuses, significant

delays in the ultimate disposition of litigation, and increased litigation costs.  These developments in turn compelled Congress to enact the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*

The CJRA has two goals:  (1) to expedite the ultimate disposition of cases, and, (2) to reduce the costs of litigation.  Since the adoption of the CJRA, the Federal Rules of Civil Procedure have been amended to significantly narrow the scope of discovery.  For example, parties are no longer allowed free-wheeling, unlimited discovery.  Rather, the discovery process is to be managed by a judicial officer within specific time frames and within the terms of a specific case management plan. The parties need to secure the court's approval on proposed discovery to ensure the discovery sought is reasonable in scope, duration and cost.  The revised rules of civil procedure impose limitations on numbers of interrogatories, Fed. R. Civ. P. 33(a); they impose a presumptive limit on the numbers of depositions that can be taken, Fed. R. Civ. P. 30(a)(2) (A); they impose limits on the length and duration of depositions, Fed. R. Civ. P. 30(d)(2); and parties are no longer able to re-depose individuals without first obtaining the court's permission.  Fed. R. Civ. P. 30(a)(2)(B).

Since adoption of the CJRA and the revised Federal Rules of Civil Procedure, the discovery funnel has been inverted.  What was once very broad and liberal discovery is now substantially narrower.  The discovery process is now different than it was in the pre-CJRA and amended rule days.  To underscore this, the 2000 amendments to the Federal Rules of Civil Procedure placed even greater restrictions on disclosures.  For example, Rule 26 initial disclosures were narrowed from the 1993 requirement that parties provide information on all witnesses who had relevant information on matters pled with particularity to the current requirement of disclosure of only those witnesses and documents a party will utilize in the prosecution or defense of the claim.

In sum, the Court no longer approaches discovery with the view towards unbridled liberality, but, rather, now uses a more balanced approach.  The Court must consider the requester's need for information, its relevance to the litigation at hand, and balance that with the burden, costs and difficulty of producing the sought-after material.  The Court must also consider and balance the harm, that is, will Plaintiffs be harmed by non-disclosure or will Defendant be harmed by the costs, burdens and the difficulties imposed by disclosure.  <u>Burka v. U.S. Dept. of Health & Human Services</u>, 87 F.3d 508, 517 (D.C. Cir. 1996).

This balancing approach requires the requesting party to do more than merely speculate as Plaintiffs have done here that the information might indeed turn up something.  This is especially true when the cost and the burden of obtaining and producing information, especially financial information, is dear.

Plaintiffs fail to convince the Court that information concerning asset sales which occurred a decade after the dispute in question would be relevant to the claim or defense.  Even if Plaintiffs could show some relevancy, the Court finds that, on balance, any such minimal relevancy does not outweigh the costs, burdens and intrusiveness of the production.  <u>Id.</u>  Accordingly, the Court determines that Defendant's objection to Request for Production No. 2 should be sustained, and the Court will not require a further production in response to this request.

## <u>Other Discovery Issues</u>

Based on Defendant's agreement to produce all documents raised in the motion to compel, save for those sought in Request No. 2, it appears there are no additional document disputes.  However, the Court provides the following direction with respect to Request Nos. 3, 4, 6 and 8.

Court notes that Defendant has agreed to produce certain financial information contained in Request No. 3.  In agreeing to this production, Defendant acknowledges that it was under no

obligation to produce this information, and, indeed, had the Defendant objected, the Court would have likely sustained the objections.  However, based on Defendant's agreement, the Court imposes a fifteen-day deadline to produce the information sought in Request No. 3.

In Request No. 4, the Defendant states that it has already produced the information in its possession, custody and control.  Such being the case, the Court cannot order a party to produce that which it does not have.  *See* National Nutritional Foord Ass'n v. Califano, 457 F. Supp. 275, 281 (S.D.N.Y. 1978), *aff'd by*, 603 F.2d 327 (2d Cir. 1979).  Thus, no further production will be required.

In Request No. 6, Defendant agreed to produce documents responsive to "material assessment documents" and "quality data documents relating to each coating lot used to coat dentals as identified in Document 000572, Section 4.25."

Defendant produced Bates numbered documents 221 to 307.  Plaintiffs argue that these documents are not responsive to the parameters set by Defendant, and therefore question whether all documents responsive to the requests have been produced.  Plaintiffs argue that unless Defendant produces other documents, its should be precluded from "producing additional responsive documentation at a later time."

The Court disagrees that Defendant should be precluded from producing additional documents at a later time, as supplementation may be required in accordance with the Federal Rules of Civil Procedure.  However, the Court does agree that unless documents are produced, Defendant would be precluded from introducing those documents as exhibits or relying on those documents for purposes of trial testimony.

With respect to Request No. 8, Defendant contends that it provided actual production lots of codings for dentals sent to Plaintiffs.  Plaintiffs question whether the document production is

complete.  When a party represents that it produced all that it has, the Court cannot order it to produce more.  However, the party may not later seek to introduce into evidence or rely at trial on any unproduced document.

In sum, if Defendant has not produced all documents responsive to Request Nos. 6 or 8, it should do so within fifteen days.  If it has produced the documents, it should certify that all documents responsive to this document request have been produced.

The Court directs that all documents which Defendant has agreed to produce and those which the Court ordered be produced herein be provided to Plaintiffs within fifteen days.

Lorenzo F. Garcia
Chief United States Magistrate Judge